**UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **ALLAN DAVISSON** | ) | |
| Plaintiff | ) | **Civil Case No.:** |
| | ) | |
| v. | ) | |
| | ) | |
| **MRS ASSOCIATES, INC.** | ) | |
| Defendant | ) | **JURY TRIAL DEMANDED** |
| ______________________________ | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALLAN DAVISSON, by and through his attorneys, Jarrod Barron, PLLC, and for his complaint against the Defendant, MRS ASSOCIATES, INC., states:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of The Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq*., hereafter "FDCPA"); and Michigan Compiled Law (M.C.L.) Public Act 299 of 1980 (Michigan Occupational Code) Article 9, M.C.L. 339.901 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d); and 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.
3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

   Venue in this District is proper pursuant to 28 U.S.C. §1391.

**PARTIES**

4. ALLAN DAVISSON (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Township of Perry, County of Shiawassee, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to CHASE BANK USA, N.A. (hereinafter, CHASE)

6. The Debt that Plaintiff allegedly owed CHASE was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditures.

7. At all relevant times, the alleged debt was a "debt" as defined by 15 U.S.C. §1692a(5) and M.C.L. 339.901(a).

8. At all relevant times, Plaintiff was a "consumer" as defined by 15 U.S.C. §1692a(3) and M.C.L. 339.901(f).

9. MRS ASSOCIATES, INC. (hereinafter, "Defendant" or "MRS"), is a business engaged in the collection of debts within the state of Michigan. Defendant is registered as a Corporation in the the State of New Jersey.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of their efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contacts with alleged debtors via various means of telecommunications, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a “debt collector” as defined by 15 U.S.C. §1692a(6), and as a “collection agency” as defined by M.C.L. 339.901(b).

14. At all relevant times, Defendant acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**GENERAL FACTUAL ALLEGATIONS**

15. At approximately 7:32 p.m. on March 9, 2010 Mr. Rainford, a duly authorized representative of Defendant MRS, telephoned Plaintiff.

16. Mr. Rainford did not state that the call was from a debt collector.

17. Mr. Rainford did not state that the call was an attempt to collect a debt.

18. Mr. Rainford did not give meaningful disclosure as to his identity at any time during the call.

19. On March 9, 2010, Plaintiff prepared a system with which he could keep contemporaneous notes regarding the March 9 call and future calls from the Defendant.

20. At approximately 8:11 p.m. on March 10, 2010 Mr. Ranford, again, telephoned Plaintiff.

21. Mr. Rainford did not state that the call was from a debt collector.

22. Mr. Rainford did not state that the call was an attempt to collect a debt.

23. Mr. Rainford did not give meaningful disclosure as to his identity at any time during the call.

24. At approximately 11:17 a.m. on March 11, 2010 Mr. Alverado, a duly authorized representative of Defendant MRS, telephoned Plaintiff.

25. Mr. Alverado did not state that the call was from a debt collector.

26. Mr. Alverado did not state that the call was an attempt to collect a debt.

27. Mr. Alverado did not give meaningful disclosure as to his identity at any time during the call.

28. At approximately 11:19 a.m. on March 11, 2010 Mr. Alverado, again, telephoned Plaintiff.

29. Mr. Alverado did not state that the call was from a debt collector.

30. Mr. Alverado did not state that the call was an attempt to collect a debt.

31. Mr. Alverado did not give meaningful disclosure as to his identity at any time during the call.

32. At approximately 5:05 p.m. on March 12, 2010 Melanie Decheko, a duly authorized representative of Defendant MRS, telephoned Plaintiff.

33. Ms. Decheko did not state that the call was from a debt collector.

34. Ms. Decheko did not state that the call was an attempt to collect a debt.

35. Ms. Decheko did not give meaningful disclosure as to her identity at any time during the call.

36. At approximately 5:09 p.m. on March 12, 2010 Melanie Decheko, again, telephoned Plaintiff.

37. Ms. Decheko did not state that the call was from a debt collector.

38. Ms. Decheko did not state that the call was an attempt to collect a debt.

39. Ms. Decheko did not give meaningful disclosure as to her identity at any time during the call.

40. At approximately 8:41 p.m. on March 15, 2010 Susan Colby, a duly authorized representative of Defendant MRS, telephoned Plaintiff.

41. Ms. Colby did not state that the call was from a debt collector.

42. Ms. Colby did not state that the call was an attempt to collect a debt.

43. Ms. Colby did not give meaningful disclosure as to her identity at any time during the call.

44. At approximately 2:01 p.m. on March 17, 2010 Jonnie "Doe", a duly authorized representative of Defendant MRS, telephoned Plaintiff.

45. Ms. "Doe" did not state that the call was from a debt collector.

46. Ms. "Doe" did not state that the call was an attempt to collect a debt.

47. Ms. "Doe" did not give meaningful disclosure as to her identity at any time during the call.

48. At approximately 9:48 a.m. on March 18, 2010 Lynette Jackson, a duly authorized representative of Defendant MRS, telephoned Plaintiff.

49. Ms. Jackson did not state that the call was from a debt collector.

50. Ms. Jackson did not state that the call was an attempt to collect a debt

51. Ms. Jackson did not give meaningful disclosure as to her identity at any time during the call.

52. Ms. Jackson stated that she was giving the Plaintiff a chance to get his information "on record".

53. Ms. Jackson's statement caused Plaintiff to believe that she was an attorney and that she had filed, or was intending to file a lawsuit against the Plaintiff.

**COUNT I – VIOLATION OF 15 U.S.C. §1692d(5)**

54. Plaintiff restates the foregoing paragraphs 1-53.

55. 15 U.S.C. §1692d states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) - Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

56. Defendant MRS, through its duly authorized agents, violated this statute by calling the Plaintiff multiple times, harassing the Plaintiff, with some calls being only minutes apart from each other.

57. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress which were a direct and proximate result of Defendant's actions.

**COUNT II – VIOLATION OF 15 U.S.C. §1692d(6)**

58. Plaintiff restates the foregoing paragraphs 1-53.

59. 15 U.S.C. §1692d states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6) - Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

60. Defendant MRS, through its duly authorized agents, violated this statute by failing to meaningfully disclose, either their own name, the name of their employer (MRS), or the name of the underlying alleged creditor.

61. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, which were a direct and proximate result of Defendant's actions.

**COUNT III – VIOLATION OF 15 U.S.C. §1692e(3)**

62. Plaintiff restates the foregoing paragraphs 1-53.

63. 15 U.S.C. §1692e states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (3) - The false representation or implication that any individual is an attorney or that any communication is from an attorney.

64. Defendant MRS, through its duly authorized agent, Lynette Jackson, violated this statute by stating that the Plaintiff was being given an opportunity to put his information "on record".

65. Ms. Jackson's statement caused Plaintiff to believe that she was an attorney and that she had filed, or was intending to file, a lawsuit against the Plaintiff.

66. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Ms. Jackson's actions.

**COUNT IV – VIOLATION OF 15 U.S.C. §1692e(11)**

67. Plaintiff restates the foregoing paragraphs 1-53.

68. 15 U.S.C. §1692e states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) - The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

69. 15 U.S.C. §1692e(11) is known as the "Mini-Miranda" warning.

70. Defendant MRS, through its duly authorized agents, violated this statute, by failing to provide Plaintiff the "Mini-Miranda" warning, during each communication with the Plaintiff.

71. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, which were a direct and proximate result of Defendant's actions.

**COUNT V – VIOLATION OF 15 U.S.C. §1692e(10)**

72. Plaintiff restates the foregoing paragraphs 1-53.

73. 15 U.S.C. 1692e states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) – The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

74. Defendant MRS, through its duly authorized agents, intentionally ignored the requirements of the FDCPA, to which they must adhere.

75. By failing to comply with the FDCPA, as stated in the allegations herein, the Defendant, through its duly authorized agents, used false, deceptive and misleading means in an attempt to collect an alleged debt.

76. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

**COUNT VI – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

77. Plaintiff restates the foregoing paragraphs 1-53.

78. M.C.L. §339.915 states that: - A licensee shall not commit one or more of the following acts: (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. (g) - Communicating with a debtor without accurately disclosing the caller's identity…. (n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly…. (q) - Failing to implement a procedure designed to prevent a violation by an employee.

79. Defendant MRS, through its duly authorized agents, intentionally ignored the requirements of the Michigan Occupational Code, to which they must adhere.

80. Defendant failed to comply with each of the Michigan Occupational Code statutes, as stated in the allegations herein, and, through its duly authorized agents, used false, deceptive and misleading means in an attempt to collect an alleged debt.

81. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

**JURY DEMAND**

82. Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a. Declaratory Judgment that Defendant's conduct violated the FDCPA and the Michigan Occupational Code;

b. All actual compensatory damages suffered as a result of Defendant's actions;

c. Statutory damages pursuant to 15 U.S.C. §1692k; [§813] of $1000 per violation, consistent with Congressional intent when enacting FDCPA, and/or such other statutory damages provided therein;

d. Statutory damages pursuant to M.C.L. 339.916 of $150;

e. Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k [§813]; and M.C.L. 339.916; and

f. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
ALLAN DAVISSON

By: s/ Jarrod Barron
Attorney for Plaintiff

Dated: March 8, 2011

Jarrod Barron, P55353
Jarrod Barron, PLLC
1555 West Lansing Road
Morrice, MI 48857
Telephone: 517-481-3521
Facsimile: 888-532-9887
jarrodbarron@yahoo.com